Filed 12/6/22  In re T.W. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re T.W., A Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br>v.<br>T.W.,<br><br>Defendant and Appellant. | A165788<br><br>(Contra Costa County<br>Sup. Ct. No. J2200321) |

In this delinquency matter, T.W. appeals from the juvenile court's dispositional order adjudging him a juvenile court ward and imposing numerous probation conditions.  T.W.'s appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 7, 2022, the Alameda County District Attorney filed a juvenile wardship petition alleging that, on or about June 6, 2022, T.W., a minor, committed felony carrying a loaded firearm on one's person in a city (Pen.

1

Code, § 25850, subd. (a), count one); felony carrying a concealed firearm within a vehicle (*id.*, Pen. Code, § 25400, subd. (a)(1), count two); felony carrying a concealed firearm on the person (*id.*, Pen. Code, § 25400, subd. (a)(2), count three); and misdemeanor possession of a controlled substance, cocaine (Health & Saf. Code, § 11350, subd. (a), count four). Count one was enhanced with allegations that the loaded firearm was unregistered and possessed by a prohibited person. (Pen. Code, § 25850, subd. (c)(4) & (6).) Counts two and three were enhanced with allegations that the concealed firearm was loaded with ammunition and possessed by a prohibited person. (*Id.*, Pen. Code, § 25400, subds. (c)(4) & (6).)

The allegations were based on the following incident.[1] At approximately 1:00 a.m. on June 6, 2022, police responded to a street in Berkeley following a report from an anonymous citizen who heard four males in a vehicle talking about breaking into a house. When they approached the parked vehicle, the police officers observed an open bottle of tequila on the back seat and a freshly rolled marijuana joint on the dashboard. The officers instructed the four male occupants to keep their hands up. The driver initially placed his hands on the steering wheel, but then slowly tried to bring them down to start the vehicle, causing the officers to instruct the occupants to exit the vehicle at gunpoint so a probable cause search could be conducted.

The driver, P.Y. (the minor's 26-year-old brother), was removed from the vehicle and handcuffed. A 1911-style firearm was located under his seat. It was unregistered and had 14 rounds of .45 caliber ammunition in the magazine. The minor was in the front passenger seat. After he was removed from the vehicle, the police located a black and green Glock-style clone ghost

---

[1] The underlying facts with respect to the allegations are contained in the dispositional report, which summarizes the police report that formed the factual basis for T.W.'s plea.

2

gun under his seat. The gun was not registered and had a loaded 15-round extended magazine. There was no round in the chamber. M.M., the minor's 16-year-old brother, was sitting behind the driver. When he was taken out of the vehicle, he informed police that he had " 'something' " on him. The police located a Glock-style clone ghost gun in his pants. The gun had no serial number and was attached to a 27-round extended magazine with 12 rounds inside. There was no round in the chamber. After searching the right-side rear passenger, 30-year-old C.M., the officers discovered 12 individual baggies of cocaine—each weighing approximately 0.5 grams—consistent with street level sales. Cocaine was also spilled on the back seat where M.M. and C.M. were seated.

After being Mirandized,[2] P.Y. denied knowledge of the three firearms located in the vehicle, denied giving his younger brothers firearms, admitted to possession of six grams of cocaine, and denied giving any cocaine to M.M. or T.W. C.M. was Mirandized and also denied involvement with the firearms. He stated he lived on the street where the vehicle was parked and was only inside the vehicle for approximately ten minutes. Both P.Y. and C.M. are convicted felons. In particular, P.Y. has a violent criminal history, including robbery and gun possession.

T.W. was detained in juvenile hall at the detention hearing on June 8, 2022. At a pre-trial hearing on June 13, 2022, the parties announced that they had reached a negotiated disposition with respect to the allegations. T.W. was questioned regarding his understanding of his trial rights and the possible consequences of an admission. He then admitted to misdemeanor carrying a concealed firearm within a vehicle, a lesser included offense of count two. The court found T.W.'s admission to be knowing and voluntary.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

The remainder of the allegations were dismissed with facts and restitution open. The juvenile court found T.W. to be a person described by section 602 of the Welfare and Institutions Code and released him to the home of his mother under global positioning system (GPS) monitoring on the condition that he continue to stay engaged with the Richmond Police Activities League. The case was transferred to Contra Costa County for disposition.

At the dispositional hearing on July 25, 2022, the Contra Costa County juvenile court declared T.W. a juvenile court ward with no termination date. The court placed T.W. on home supervision for 60 days, declining requests from the prosecution to increase it to 90 days and from T.W.'s attorney to decrease it to 30. Numerous conditions of probation were imposed without objection, including a curfew, substance abuse testing, and a prohibition on knowingly using or possessing any dangerous or deadly weapons. T.W.'s attorney, while "mostly in agreement" with probation's recommendations, objected to the no contact order with P.Y. unless supervised by T.W.'s mother. Noting that P.Y. is the minor's biological older brother, counsel requested, at the least, that the condition be modified to allow supervision by other people as well. The juvenile court declined to strike the no contact order, noting that it held P.Y. responsible for T.W.'s involvement in the incident that brought the minor before the court and that it did not want something similar to happen again. However, the court agreed to modify the condition to allow supervision by other adults approved by probation to give more flexibility.

T.W. timely appealed from the dispositional order, highlighting the imposition of the no contact order involving P.Y.

### DISCUSSION

As discussed above, T.W. appeals from the trial court's July 2022 dispositional order declaring him a juvenile court ward after he admitted to

4

misdemeanor carrying a concealed firearm within a vehicle. We appointed counsel to represent T.W. on appeal. After examining the record, counsel filed a *Wende* brief raising no issues and requesting that we independently review the record. (*Wende, supra*, 25 Cal.3d 436, 441; see also *People v. Kelley* (2006) 40 Cal.4th 106, 109-110.) T.W. was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so. We have examined the entire record and are satisfied that T.W.'s attorney has complied with her responsibilities and that no arguable issue exists. In particular, we see no arguable issue with respect to the no contact order involving T.W.'s brother P.Y., especially as modified to allow for supervision of contact by multiple individuals. (See *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 [" 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality' "]; *id*. at p. 1126 [" 'A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' "].)

## DISPOSITION

The dispositional order is affirmed.

DEVINE, J.*


WE CONCUR:


HUMES, P. J.


MARGULIES, J.


A165788N

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.